IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RHG MEMPHIS HOTEL, INC. and METRO HOTELS, INC., | } } } | |
| *Plaintiffs*, | } } | No. _____ |
| v. | } } | _____ |
| HARTFORD FIRE INSURANCE COMPANY, | } } | |
| *Defendant*. | } | |

## NOTICE OF REMOVAL

Defendant Hartford Fire Insurance Company ("Hartford"), by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files a Notice of Removal of this action from the Chancery Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee at Memphis.

### BACKGROUND

Plaintiffs RHG Memphis Hotel, Inc. ("RHG Memphis") and Metro Hotels, Inc. ("Metro Hotels") seek a declaratory judgment against Hartford for property loss.[1] Plaintiffs allege[2] that they own The Benchmark Hotel in downtown Memphis, Tennessee. (Compl. ¶ 7.) More specifically, RHG Memphis asserts that it is Metro Hotels and that Metro Hotels was renamed following a merger. (*Id*. ¶¶ 7, 9.) Regardless, both Plaintiffs claim that The Benchmark Hotel was covered under a Hartford commercial property policy from October 1, 2008, through

---

[1] A copy of the underlying complaint is attached and incorporated into this Notice as **Exhibit A**.
[2] Briefly, as an Answer has yet to be filed on this matter, no part of the Defendant's discussion of the facts alleged by the Plaintiffs should be construed as an admission or concession of the veracity of those allegations and claims.

{01567881.DOC}

October 1, 2009. (*Id*. ¶¶ 4-5.) On April 19, 2009, a portion of the brick exterior wall to the hotel collapsed. (*Id*. ¶ 10.) Plaintiffs submitted a claim to Hartford, which was denied. (*Id*. ¶¶ 11-12.)

This Action was filed in the Chancery Court of Shelby County, Tennessee (the "State Court"). Plaintiffs claim that the collapsed wall was a covered occurrence under the policy and assert that Hartford owes coverage to them. (*Id*. ¶ 13.) They ask for relief in the form of a declaratory judgment against Hartford, which would be to pay for the loss. (*See id*. at 3.)

Hartford was served via its registered agent on May 6, 2011[3], and now seeks removal of this action to this Court.

## LAW AND ARGUMENT

### I) Hartford Has Satisfied All Procedural Requirements for Removal

On April 14, 2011, the Plaintiffs commenced a civil action in the State Court, styled as *RHG Memphis Hotel, Inc. and Metro Hotels, Inc. v. Hartford Fire Insurance Company*, docketed at CH-11-0651 and assigned to Part I (the "Civil Action"). This action is currently pending in the State Court.

Hartford first received a copy of the Summons and Complaint in the Civil Action, by service or otherwise, via their registered agent on May 6, 2011. These items constitute all process, pleadings, and orders served on Hartford to date.

No previous application has been made for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(d), Hartford will provide concomitant written notice to the Plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the Chancery Court of Shelby County, Tennessee.[4]

---

[3] A copy of the executed summonses is attached and incorporated into this Notice as **Exhibit B**.
[4] A copy of the Notice to the State Court is attached and incorporated into this Notice as **Exhibit C**.

## II) Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as this is a civil action where the amount in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states.

### A) <u>Complete Diversity of Citizenship Exists Between the Plaintiffs and Defendant</u>

The parties are completely diverse. RHG Memphis and Metro Hotels, upon information and belief, are Tennessee corporations with their principal places of business in Saint Louis, Missouri. Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (applying the "nerve center" test to determine an organization's principal place of business).

### B) <u>Removal of this Action is Timely</u>

Hartford received a copy of the Summons and Complaint of the Civil Action to be removed via its registered agents on May 6, 2011. (Ex. B.) This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is being filed within thirty days of service and per the means for computing time extensions set forth in Fed. R. Civ. P. 6(a)(2)(C). Further, Hartford has done nothing in the Civil Action in the State Court that would in any way affect this Court's removal and subject matter jurisdiction over this matter.

### C) <u>Venue is Proper</u>

Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division where the Civil Action is pending.

### D) <u>The Amount in Controversy Requirement is Satisfied</u>

Hartford avers that, upon information and belief, the amount in controversy exceeds $75,000, exclusive of costs and interest, per 28 U.S.C. § 1332(a). "It must appear to a legal

certainty that the claim is really for less than the jurisdictional amount." *Charvat v. GVN Mich., Inc.,* 561 F.3d 623, 628 (6th Cir. 2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). Thus, "the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Id*. (quoting *Lodal, Inc. v. Home Ins. Co. of Ill.,* No. 95–2187, 1998 WL 393766, at *2 (6th Cir. June 12, 1998)). Hartford avers that it has a good faith basis of information and belief that the "value of the consequences", which is "the monetary consequences that would result from a victory" for the Plaintiffs, would exceed $75,000 exclusive of interests. *See id.*

E) <u>Unanimity is Met</u>

Lastly, unanimity is satisfied. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n.3 (6th Cir. 1999). Hartford is the sole Defendant and it files this Notice of Removal.

**WHEREFORE**, **premises considered,** Defendant Hartford Fire Insurance Company request that this Court now remove this Civil Action from the Chancery Court of Shelby County, Tennessee, and that further proceedings now be conducted in the United States District Court for the Western District of Tennessee as provided for and consistent with the laws of the United States.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

By: **/s/ Tracy A. Overstreet**
R. Scott Vincent, No. 021055
Tracy A. Overstreet, No. 022219
Jeffrey E. Nicoson, No. 027445
Brinkley Plaza, Suite 800
80 Monroe Avenue
Memphis, Tennessee 38103
Phone: (901) 527-0214
Fax: (901) 527-8224
molly.glover@leitnerfirm.com
jeff.nicoson@leitnerfirm.com
*Counsel for Defendant Hartford Fire Insurance Company*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

William C. Sessions, III, No. 015017
HEATON AND MOORE, P.C.
100 North Main Building, Suite 3400
Memphis, Tennessee 38103
Phone: (901) 526-5975
Facsimile: (901) 526-3633
*Counsel for Plaintiffs RHG Memphis Hotel, Inc. and Metro Hotels, Inc.*

This the 6th day of June, 2011.

/s/ Tracy A. Overstreet
R. Scott Vincent
Tracy A. Overstreet
Jeffrey E. Nicoson